# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-783-DCK

| | |
|---|---|
| ELIZABETH WOOTEN SCHMITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BENEFITFOCUS.COM, INC.; and ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Benefitfocus.com, Inc.'s Motion To Dismiss Plaintiff's First Claim For Relief" (Document No. 8). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will order that the motion be denied.

## I. BACKGROUND

Elizabeth Wooten Schmitz ("Plaintiff" or "Schmitz") initiated this action with the filing of a "Complaint" (Document No. 1-3, pp. 36-46) in the Superior Court of Mecklenburg County, North Carolina on August 25, 2016. Plaintiff later filed an "Amended Complaint" (Document No. 1-3, pp.2-15) in state court on October 13, 2016. The Amended Complaint asserts claims against Benefitfocus.com ("Benefitfocus") and Hartford Life and Accident Insurance Company ("Hartford") (together, "Defendants") for unfair and deceptive trade practice and negligence. (Document No. 1-3, pp.12-15). Plaintiff is the widow of Adam Schmitz, and she contends that based on Defendants' unfair and deceptive acts and their negligence, she was unable to receive the

benefits of life insurance policies purchased by her husband while employed with Charlotte-Mecklenburg Schools ("CMS"). (Document No. 1-3).

On November 11, 2016, Defendants filed a "Joint Notice Of Removal" (Document No. 1) removing the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants both filed Answers to the Amended Complaint, and Benefitfocus filed its pending "…Motion To Dismiss…," on November 18, 2016. (Document Nos. 8, 9, and 10). Defendant Benefitfocus only seeks dismissal of Plaintiff's first claim – unfair and deceptive trade practices. (Document No. 8-10.

The parties filed a joint stipulation of consent to Magistrate Judge jurisdiction and their certification of initial attorney's conference on December 7, 2017. (Document Nos. 16 and 17). A "Pretrial Order And Case Management Plan" (Document No. 20) was issued on December 13, 2016, and includes the following deadlines: expert reports – May 12 and June 14, 2017; discovery completion – August 4, 2017; mediation report – September 1, 2017; dispositive motions – September 8, 2017; and trial – beginning on or after January 2, 2018.

As of December 13, 2016, the pending motion to dismiss was fully briefed and is now ripe for review and disposition. See (Document Nos. 15 and 21).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009)

2

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of Defendant Benefitfocus' argument for dismissal is that Plaintiff has alleged that it violated N.C.Gen.Stat. § 75-1.1 by violating or contributing to a violation of N.C.Gen.Stat. § 58-58-140. (Document No. 8-1, p.1). Benefitfocus argues that Plaintiff has not alleged, and that it is not, an insurance company subject to Chapter 58. Id. Benefitfocus concludes that because it "is not capable of violating Chapter 58," it "cannot have violated § 75-1.1 by violating Chapter

3

58," and therefore, Plaintiff's first claim must be dismissed for failure to state a claim upon which relief can be granted.  Id.  See also (Document No. 8-1, p.4) (citing Jacobs v. Physicians Weight Loss Ctr. Of Am., Inc., No. 00-CVS-7910, 2003 WL 2283430, at *8 (N.C. Super. Ct. Nov. 5, 2003) ("only insurers are capable of violating Chapter 58.")).

In response, Plaintiff argues that "[t]he language the courts use has never limited insurance-related UDTP claims to insurers, but to businesses in the 'insurance industry.'"  (Document No. 15, pp.6-7) (citing Phillips v. Integon Corp., 70 N.C.App. 440, 443 (1984)).  Plaintiff further argues that its claim is broader than it has been construed by Benefitfocus – that it has adequately stated an unfair and deceptive trade practices ("UDTP") claim by alleging that Benefitfocus:  failed to remedy its reporting error once notified of it;  failed to report the error to CMS and the affected employees, including Plaintiff and Adam Schmitz;  and tried to covertly report Adam Schmitz's termination in a later report to cover up that it had not made a timely report.  (Document No. 15, p.7) (citing Document No. 1-2, ¶¶ 123-126).

After careful review of the parties' submissions and the Amended Complaint, the undersigned finds that it would be premature to dismiss any of Plaintiff's claims.  Rather, Plaintiff has stated plausible claims that, at least at this stage, should be allowed to proceed to further development through discovery.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant BenefitFocus.com, Inc.'s Motion To Dismiss Plaintiff's First Claim For Relief" (Document No. 8) is **DENIED**, without prejudice to re-file a dispositive motion at a later date.

Signed: March 7, 2017

David C. Keesler
United States Magistrate Judge

4